# Court of Appeals
# of the State of Georgia

ATLANTA, May 12, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1108. JOHNSON v. THE STATE.**

On March 8, 2018, Rodriquez Johnson was convicted of armed robbery, aggravated assault, simple battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Johnson filed a motion for new trial, which the trial court denied on July 8, 2020. He did not file a timely notice of appeal from that judgment.

One year later, on July 8, 2021, Johnson moved for an out-of-time appeal, asserting that the order denying his motion for new trial had not been sent to defense counsel's correct address and that neither he nor counsel received actual notice of the court's ruling during the original appeal window. Johnson thus argued that he had "'an excuse of constitutional magnitude for failing to file a timely direct appeal.'" The trial court granted the motion for out-of-time appeal on January 20, 2022, and this appeal followed.

We are constrained to find that we cannot consider the merits of Johnson's appeal. In *Cook v. State*, __ Ga. __ (Case No. S21A1270, decided March 15, 2022), the Supreme Court of Georgia eliminated the judicially created out-of-time appeal procedure, concluding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5). This holding applies to "all cases that are currently on direct review or otherwise not yet final." Id. Moreover, "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is

otherwise not final." Id. at ___ (4).

As required by *Cook*, therefore, the trial court's January 20, 2022 order granting Johnson's motion for out-of-time appeal is hereby VACATED, and this case is REMANDED for entry of an order dismissing the motion. If Johnson believes that he was unconstitutionally deprived of his right to appeal, he may be able to petition for a writ of habeas corpus to pursue relief for that claim, along with any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction. See OCGA § 9-14-41 et seq.; *Cook*, supra at ___ (5) ("Cook's remedy, if any, lies in habeas corpus."). Johnson should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __05/12/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*